ALDANA BURR, PLAINTIFF IN ERROR, v. ELLIS F. HAMER, DEFENDANT IN ERROR.

1. Fences: COMMON LAW. At common law, if one of two adjoining owners build a fence on the line between his own and an adjoining lot without an agreement that it shall be built at joint expense, he cannot recover from the latter one half of the value of the fence, even if he join his fence to such division fence.

2. ———: STATUTE. The statute in relation to partition fences and the mode of apportionment and procedure is exclusive.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*J. R. Webster*, for plaintiff in error.

*Mason & Whedon*, for defendant in error.

MAXWELL, J.

A demurrer to the petition in this case was sustained in the court below and the action dismissed. The following is a copy of the petition:

Aldana Burr, plaintiff, complaining of Ellis P. Hamer, defendant, for cause of action says: This plaintiff on and prior to the first day of May, A. D. 1879, was in occupation and was the owner of lot 38, and the defendant, Ellis P. Hamer, at the time aforesaid was occupying and claiming to be owner of lot 37, all in Little's subdivision, of the west half of the southwest quarter of section 34, in township 10 north, of range 6 east of the sixth principal meridian in said county of Lancaster; that said lands are adjoining contiguous tracts; this plaintiff, prior to the date aforesaid, enclosed her said lands, and in doing so, constructed a division fence on the line between said lots, and the defendant, on or about the date aforesaid, enclosed his said lands, and in so doing connected his fences with the division fence constructed by this plaintiff, as aforesaid, making such division fence serve to enclose his adjoining lands, appropriating and using such fence as a division line fence; plaintiff further says that said fence when so appropriated was of the value of $71.00, and the defendant by such appropriation thereby undertook and agreed and became liable to pay this plaintiff for one-half the value thereof at such time, to-wit: the sum of $35.50, yet the said defendant, though often requested, has not paid this plaintiff said sum of money, or any part thereof, but is indebted to plaintiff in said sum, and interest from the said first day of May, A. D. 1879; wherefore

plaintiff prays judgment against said defendant for the sum of $35.50, and interest from the first day of May, A. D. 1879.

At common law a party was not required to fence against an adjoining close. Kent says: "In connection with this subject of party walls, may be mentioned the law concerning division fences between the owners of adjoining lands. These interests are generally the object of local statute regulations. The doctrine is that at common law the tenant of a close was not bound to fence against an adjoining close, unless by force of prescription; and if bound by prescription to fence his close, he was not bound to fence against any cattle but such as were rightfully in the adjoining close. If not bound at common law to fence his land, he was nevertheless bound, at his peril, to keep his cattle on his own grounds, and prevent them from escaping. The legal obligation of the tenants of adjoining lands to make and maintain partition fences, where no prescription exists, and no agreement has been made, rests entirely on positive provisions by statute; and trespass will lie against the owner of cattle entering on the grounds of another, though there be no fence to obstruct them, unless he can protect himself by statute, or prescription, or agreement. The public have no rights, even in the public highway, but a right of way or passage; and if cattle be placed in the highway for the purpose of grazing, and escape into an adjoining close, the owner of the cattle, unless he owns the soil of that part of the highway on which he placed his cattle, cannot avail himself of the insufficiency of the fences in excuse of the trespass." 3 Kent Com., 438. See also *Stafford v. Ingersol*, 3 Hill, 38. *Hilton v. Ankesson*, 27 L. T. (N. S.), 519. *Rust v. Low*, 6 Mass., 90. *Minor v. Deland*, 18 Pick., 266. *Thayer v. Arnold*, 4 Met., 589.

Our statute provides that "when two or more persons shall have lands adjoining, each of them shall make and

maintain a just proportion of the division fence between them, except the owner of the adjoining lands shall choose to let his lands lie open. When any person shall have chosen to let his lands lie open, if he shall afterwards enclose the same, or if the owner of lands adjoining upon the enclosure of another, shall enclose the same upon the enclosure of another, he shall pay to the owner of the adjoining lands a just proportion of the value, at the time, of any division fence that shall have been made by such adjoining owner, or he shall immediately build his proportion of such division fence." "The value of such fence, and the proportion thereof, to be paid to such person, and the proportion of the division fence to be made and maintained by him in case of his enclosing his land, shall be determined by any two fence viewers of the precinct in the county." "If disputes arise between the owners of adjoining lands, concerning the proportion of the fence to be made or maintained by either of them, such disputes shall be settled by the fence viewers of the county; and in such case it shall be the duty of the fence viewers to distinctly mark and define the proportion of the fence to be made or maintained by each."

"When any of the above mentioned matters shall be submitted to fence viewers, each party shall choose one, and if either neglect, after eight days notice, to make such choice, the other party may select both." "The two fence viewers so chosen, shall examine the premises, and hear the allegations of the parties; in case of their disagreement, they shall select another fence viewer to act with them, and the decision of any two of them shall be final upon the parties to such disputes, and upon all parties holding under them."

"The decision of the fence viewers shall be reduced to writing, shall contain a description of the fence, and of the proportion to be maintained by each, and their decision upon any of the points in dispute between the par-

ties, submitted to them as aforesaid, and shall be forthwith filed in the office of the county clerk."

" If any person who is liable to contribute to the erection or reparation of a division fence, shall neglect or refuse, for the period of four weeks after notice in writing to do so, to make and maintain his proportion of such fence, the party injured may make or repair the same at the expense of the party so neglecting or refusing, to be recovered from him with cost of suit; and the party so neglecting or refusing, after notice in writing, shall be liable to the party injured for all damages which thereby accrue, to be determined by any two fence viewers selected as above provided, and the fence viewers shall reduce their appraisement of damage to writing and sign the same," etc. Comp. St., 47–8.

The statute makes justices of the peace fence viewers of their respective counties, and they are expected to go upon the premises where the fence in dispute has been or is to be erected, and there, in the presence of the parties or after notice to them, upon actual view, determine the matter submitted to them. The statute also authorizes them to issue subpœnas for, and examine witnesses, in order that they may make a correct determination. As the whole proceeding is statutory the mode of procedure therein provided must be followed. This requires the fence viewers, where the parties are unable to agree, to apportion to each the portion of fence to be made and maintained by him. When this is done, each party will own and have charge of a specific portion of the fence, and must keep the same in repair, and if he fail to do so the law provides a remedy. But as at common law a land owner could not be compelled to build a partition fence, a party, therefore, by the erection of such fence acquires no right of action for contribution from the owner of lands adjoining. Neither is there any allegation in the petition that would sustain an action of trespass.

The allegations of the petition are that " the plaintiff, prior to the date aforesaid, enclosed her said lands, and in so doing constructed a 'division fence on the line between said lots, and defendant, on, or about the date aforesaid, enclosed his said lands, and in so doing connected his fences with the division fence constructed by this plaintiff," etc.   There is no allegation that the defendant entered upon the plaintiff's premises or injured her property.   An action for damages in a case of this kind settles nothing.   Even if it could be maintained, it still leaves the question undetermined as to the ownership of any particular portion of the fence, and this leaves room for future disagreement and litigation.   As a remedy to these evils and to secure to every one his rights, the law of this and a number of other states, has provided a plain, simple, adequate remedy by providing for fence viewers.   And this being the mode provided by the statute it is exclusive. *Wilson v. Bumstead, ante* page 1.   No complaint has yet been made as to their action and it will be time enough to consider that question when it arises.

The writer will be pardoned for saying that he prepared and introduced the bill in relation to partition fences passed by the legislature of 1859-60—the present law. The object being to cure the defect in the common law apparent in this case.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.