Jimmie Kotrous, appellant, v.
Ryan Zerbe et al., appellees.
___ N.W.2d ___

Filed April 24, 2014.    No. S-13-589.

1. **Motions to Dismiss: Jurisdiction: Appeal and Error.** Aside from factual findings, the granting of a motion to dismiss for a lack of subject matter jurisdiction is subject to a de novo review.
2. **Judgments: Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach its conclusion independent of the trial court.
3. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine.
4. **Constitutional Law: Jurisdiction: Words and Phrases.** The terms "chancery" and "common-law" jurisdiction used in Neb. Const. art. V, § 9, must be read in the light of their historical use and definition when incorporated as a part of the state Constitution of 1875.
5. **Courts: Jurisdiction.** District courts have jurisdiction over any civil proceeding that could have been brought in the English equity or common-law courts.
6. **Courts: Jurisdiction: Legislature.** The "common-law" jurisdiction conferred to the district courts is beyond the power of the Legislature to limit or control.
7. **Actions: Contribution.** An action for contribution for fence construction or maintenance is not a common-law cause of action.
8. **Courts: Jurisdiction: Contribution.** Neb. Rev. Stat. § 34-112.02 (Reissue 2008) explicitly confers jurisdiction over contribution cases related to division fences to the county courts.
9. **Breach of Contract.** Breach of contract is a common-law action.
10. **Pleadings: Notice.** Under the liberalized rules of notice pleading, a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. The party is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.
11. **Breach of Contract: Pleadings: Proof.** For breach of contract, the plaintiff must plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty.

Appeal from the District Court for Knox County: James G. Kube, Judge. Reversed and remanded for further proceedings.

George H. Moyer, of Moyer & Moyer, for appellant.

James P. Meuret for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

Jimmie Kotrous filed a complaint against defendants Ryan Zerbe; Lyle J. Sukup; Kristen A. Sukup; Ryan Camden; AgriBank FCB; and Farm Credit Services of America, FLCA, seeking payment for a boundary fence he built between his property and the property in which the defendants have or had an interest. The district court for Knox County dismissed the complaint for lack of subject matter jurisdiction, finding that the county courts had exclusive jurisdiction over fence contribution cases. Kotrous now appeals.

## BACKGROUND

In the complaint filed with the district court, Kotrous alleged that he had an agreement with the Sukups to build a new boundary fence between his property and the Sukups' property. As part of this agreement, Kotrous alleged that the Sukups agreed Kotrous would build the entirety of the fence and that both parties would share equally in the cost. Kotrous and three other people constructed the fence using supplies and equipment obtained by Kotrous. The Sukups never paid Kotrous and later sold their land to Zerbe and Camden. Zerbe and Camden then gave a deed of trust to AgriBank FCB and Farm Credit Services of America. Kotrous sought damages from each of these defendants.

The district court granted Zerbe and Camden's motion to dismiss solely on the ground that the district court lacked subject matter jurisdiction. The district court found that Kotrous' cause of action arose under Nebraska's "fence law," which is codified under Neb. Rev. Stat. §§ 34-101 to 34-117 (Reissue 2008 & Cum. Supp. 2012). It held that under § 34-112.02, the Legislature had granted jurisdiction to the county courts to the exclusion of the district courts. Kotrous now appeals.

## ASSIGNMENT OF ERROR

Kotrous assigns that the district court erred by dismissing the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

[1,2] Aside from factual findings, the granting of a motion to dismiss for a lack of subject matter jurisdiction is subject to a de novo review.[1] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach its conclusion independent of the trial court.[2]

## ANALYSIS

The sole question presented by this appeal is whether the district court has subject matter jurisdiction over Kotrous' complaint. Kotrous argues that his complaint is not simply an action for contribution, but is also a common-law contract action which is subject to the district court's jurisdiction. We agree.

[3-5] Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine.[3] Neb. Const. art. V, § 9, provides that "district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide." The terms "chancery" and "common-law" jurisdiction must be read in the light of their historical use and definition when incorporated as a part of the state Constitution of 1875.[4] Accordingly, we have held that district courts have jurisdiction over any civil proceeding that could have been brought in the English equity or common-law courts.[5]

[6] The "common-law" jurisdiction conferred to the district courts is beyond the power of the Legislature to limit or control.[6] Thus, although the Legislature can grant jurisdiction

---

[1] *Trumble v. Sarpy County Board*, 283 Neb. 486, 810 N.W.2d 732 (2012).

[2] *Id.*

[3] *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

[4] *State, ex rel. Wright, v. Barney*, 133 Neb. 676, 276 N.W. 676 (1937).

[5] *Id.*

[6] See *Susan L. v. Steven L.*, 273 Neb. 24, 729 N.W.2d 35 (2007).

to county courts over specific actions, the district court still maintains concurrent original jurisdiction for common-law and equity actions.[7]

[7] An action for contribution for fence construction or maintenance is not a common-law cause of action.[8] At common law, a land owner could not be compelled to build a partition fence.[9] A party, therefore, by the erection of such fence, acquired no right of action for contribution from the owner of adjoining land.[10]

To create a cause of action for contribution, the Nebraska Legislature passed a "fence law," which directs that two or more adjoining landowners shall construct and maintain a division fence between them, with the costs being equitably allocated between the landowners, unless otherwise agreed to by the adjoining landowners.[11] Should an adjoining landowner refuse to share in the costs, the landowner is empowered to bring an action for contribution.[12] The landowner may commence the "action in the county court of the county where the land is located."[13] To commence the action for contribution, the landowner shall file "a fence dispute complaint . . . provided to the plaintiff by the clerk of the county court."[14]

[8,9] By its plain terms, we find that § 34-112.02 explicitly confers jurisdiction over contribution cases related to division fences to the county courts. But Nebraska's "fence law" cannot deprive the district court of its subject matter jurisdiction over common-law causes of action. And breach of contract is a common-law action.[15]

---

[7]  *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991).

[8]  See *Burr v. Hamer*, 12 Neb. 483, 11 N.W. 741 (1882).

[9]  *Id*.

[10]  *Id*.

[11]  § 34-102.

[12]  § 34-112.02.

[13]  § 34-112.02(2).

[14]  *Id*.

[15]  See *Tilt-Up Concrete v. Star City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001).

[10,11] To determine whether Kotrous pled breach of contract, we evaluate the complaint. Under the liberalized rules of notice pleading, a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.[16] The party is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.[17] For breach of contract, the plaintiff must plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty.[18]

Here, we find that Kotrous set forth a short and plain statement showing why he was entitled to relief for breach of contract. Kotrous pled that the Sukups promised to pay for one-half of the fence, that they did not pay, that such breach caused damages, and that the fence construction was completed.

Therefore, the district court erred in dismissing Kotrous' complaint. The district court has jurisdiction to consider Kotrous' breach of contract claims; his common-law, quasi-contract claims[19]; and any other common-law causes of action that Kotrous properly pled. The district court does not, however, have jurisdiction over any contribution claim arising under Nebraska's "fence laws" found under §§ 34-101 to 34-117.

## CONCLUSION

For the reasons stated herein, we reverse the judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[16] *Davio v. Nebraska Dept. of Health & Human Servs.*, 280 Neb. 263, 786 N.W.2d 655 (2010).

[17] *Id.*

[18] See *Production Credit Assn. v. Eldin Haussermann Farms*, 247 Neb. 538, 529 N.W.2d 26 (1995).

[19] See *City of Scottsbluff v. Waste Connections of Nebraska, Inc.*, 282 Neb. 848, 809 N.W.2d 725 (2011).