Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/08/2016 09:05 AM CDT

State of Nebraska, appellee, v.
Scott Shannon, appellant.
___ N.W.2d ___

Filed April 8, 2016.    No. S-15-582.

1. **Limitations of Actions.** If the facts in a case are undisputed, the issue
   as to when the statute of limitations begins to run is a question of law.
2. **Judgments: Statutes: Appeal and Error.** To the extent an appeal calls
   for statutory interpretation or presents questions of law, an appellate
   court must reach its conclusion independent of the trial court.
3. **Constitutional Law: Prisoners: Courts.** Prisoners have a constitutional
   right to adequate, effective, and meaningful access to the courts.
4. **Public Officers and Employees: Prisoners.** Prison authorities must
   assist inmates in the preparation and filing of meaningful legal papers by
   providing prisoners with adequate law libraries or adequate assistance
   from persons trained in the law.
5. **Public Officers and Employees: Prisoners: Courts: Proof.** To prove
   a violation of the right to access the court, an inmate must show
   the alleged shortcomings in the prison library have hindered, or
   are currently hindering, his or her efforts to pursue a nonfrivolous
   legal claim.

Appeal from the District Court for Lancaster County: John
A. Colborn, Judge. Affirmed.

Nancy K. Peterson for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss
for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Stacy,
and Kelch, JJ.

Stacy, J.

Scott Shannon appeals from an order dismissing his verified motion for postconviction relief as untimely. We affirm.

## FACTS

In 2010, Shannon was convicted of two counts of attempted robbery. He was sentenced to concurrent terms of 15 to 25 years in prison. On July 28, 2011, in case No. A-10-1050, the convictions and sentences were affirmed by the Nebraska Court of Appeals. The Court of Appeals issued its mandate in Shannon's direct appeal on September 20, 2011.

On October 19, 2012, Shannon filed a petition for postconviction relief along with a motion for leave to file the petition out of time. In his motion asking to file out of time, Shannon alleged he was unable to file his petition for postconviction relief within the 1-year limitation period set forth in Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2014) because the prison where he was being housed was locked down for a period of time. Specifically, Shannon alleged that on August 2, 2012, the prison "was put on a modified lockdown status, at which time all access to the Institutional Law Library ceased completely." At a hearing on the motion to file out of time, Shannon informed the court he was not allowed access to the prison law library from August 2 to September 9, 2012. The district court ultimately dismissed Shannon's petition as untimely, finding the lockdown did not prevent Shannon from filing his postconviction action within the statutory 1-year period. Shannon timely filed this appeal.

## ASSIGNMENT OF ERROR

Shannon assigns it was error for the district court to dismiss his petition for postconviction relief as untimely.

## STANDARD OF REVIEW

[1,2] If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of

law.[1] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach its conclusion independent of the trial court.[2]

## ANALYSIS

Shannon concedes that his motion for postconviction relief is subject to the statute of limitations set forth in § 29-3001(4):

> A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> . . . .
>
> (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action; [or]
>
> . . . .
>
> (e) August 27, 2011.

There is no dispute that Shannon's judgment of conviction became final on September 20, 2011, when the Court of Appeals issued the mandate on his direct appeal.[3] He contends, however, that the prison lockdown was an "impediment created by state action" which "prevented [him] from filing a verified motion" within the meaning of § 29-3001(4)(c), such that the 1-year statute of limitations did not begin to run

---

[1] *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015); *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 716 N.W.2d 87 (2006).

[2] *Huggins, supra* note 1; *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014).

[3] See *Huggins, supra* note 1 (issuance of mandate by appellate court is date judgment of conviction becomes final for purposes of § 29-3001(4)).

until he gained access to the law library again on September 9, 2012.

In *State v. Huggins*,[4] an inmate alleged the fact he was in federal custody and lacked access to a Nebraska law library was an impediment under § 29-3001(4)(c) which prevented him from filing a postconviction motion. We rejected his argument, finding in part that he failed to claim his federal imprisonment was in violation of either the state or the federal Constitution. Here, Shannon argues the restriction on his access to the law library violated his constitutionally protected due process right of access to the courts.

[3-5] It is undisputed that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts.[5] This right requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[6] To prove a violation of this right, an inmate must show the alleged shortcomings in the prison library have hindered, or are currently hindering, his or her efforts to pursue a non-frivolous legal claim.[7]

Here, Shannon contends the prison's restriction on his access to the law library violated his constitutional right to access the courts. But we need not decide whether Shannon's right of access to the courts was violated by the prison lockdown. The plain language of § 29-3001(4)(c) requires both the existence of an impediment created by state action and a showing that the impediment prevented the inmate from filing the verified motion. It is clear from the record that the second

---

[4] *Id.*

[5] *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); *Jones v. Jones*, 284 Neb. 361, 821 N.W.2d 211 (2012).

[6] *Bounds, supra* note 5, 430 U.S. at 828.

[7] *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

requirement has not been met, because the lockdown did not prevent Shannon from filing his postconviction motion.

As noted, the mandate was issued on September 20, 2011. There is no allegation that Shannon lacked access to the law library before the prison lockdown began on August 2, 2012, and Shannon concedes that by September 9, he once again had access to the law library. On these facts, Shannon's access to the law library was restricted for only 5 weeks out of the 1-year period he had for filing his postconviction motion. We conclude that any impediment created by the lockdown did not, as a matter of law, prevent Shannon from filing his postconviction action. We therefore agree with the district court that the impediment exception of § 29-3001(4)(c) does not apply. Shannon's postconviction action was filed outside the 1-year statute of limitations, and we affirm its dismissal.

Affirmed.

Cassel, J., not participating.