IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DAK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL D. DAK, JR., APPELLANT.

Filed December 27, 2016.    No. A-15-724.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Daniel D. Dak, Jr., pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Daniel D. Dak, Jr., appeals from an order of the district court for Lancaster County denying his motion to file for postconviction relief out of time and dismissing his motion for postconviction relief and writ of error coram nobis. The court found the motion for postconviction relief was not timely filed pursuant to Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2014). Because we find no error by the district court, we affirm.

## BACKGROUND

### CONVICTION AND SENTENCING

On September 15, 2011, Dak was convicted by jury before the district court for Lancaster County of one count of robbery, one count of attempted robbery, and two counts of use of a firearm to commit a felony. Dak was sentenced to imprisonment for a total period of not less than 18 years,

nor more than 36 years. Dak's convictions and sentences were affirmed on direct appeal to this court. *State v. Dak*, No. A-11-999, 2012 WL 5328641 (Neb. App. Oct. 30, 2012) (not designated for permanent publication). Dak petitioned the Nebraska Supreme Court for further review, which was subsequently denied. Judgement on the mandate was entered on March 26, 2013.

MOTION FOR POSTCONVICTION RELIEF AND
MOTION TO FILE FOR POSTCONVICTION
RELIEF OUT OF TIME

On February 19, 2015, Dak filed a verified motion for postconviction relief and for writ of error coram nobis, along with a motion for leave to file for postconviction relief out of time. Within the motion for postconviction relief, Dak alleged ineffective assistance of counsel and the existence of plain error by the trial court. Within the motion to file out of time, Dak acknowledged that the original 1-year statute of limitations period for filing postconviction relief began on March 26, 2013, the mandate's date of entry, and ended on March 26, 2014, pursuant to Neb. Rev. Stat. § 29-3001(4)(a) (Cum. Supp. 2011). However, Dak asserted that an unconstitutional impediment created by state action prevented him from timely filing a motion for postconviction relief, therefore tolling the 1-year statute of limitations pursuant to § 29-3001(4)(c). The State in turn filed a motion to dismiss the verified motion for postconviction relief, alleging that state action did not prevent Dak from filing a postconviction motion, and that said motion was untimely.

Dak's motion for leave to file his postconviction motion out of time was accompanied by Dak's affidavit. His affidavit contained several attachments, including various regulations of the Department of Correctional Services, portions of the Tecumseh State Correctional Institution Operation Memorandum, and his inmate movement record. In the motion and affidavit, Dak asserted that his use of the prison law library while in segregation was limited to one hour per week, as specified in the regulations. Dak further alleged that, pursuant to regulations, segregated prisoners are placed in restraints while using the library. During library visits, Dak claimed to have been subjected to "full restraints" consisting of leg irons and belly chains with handcuffs; allowed only one free hand to turn pages, write, type, and search through legal resources; not permitted to move from his chair and table; and received "virtually no assistance" from prison inmate legal aides, who are prohibited from assisting with the specific details of cases pursuant to regulations. By contrast, Dak alleged that prisoners in the general population are granted one hour of law library access per day, and are not subject to the same level of physical restraints.

Dak's affidavit and attached exhibits show that Dak resided in the general population from March 26, 2013, the judgment date, until October 27, 2013. Dak was placed in segregation from October 28, 2013 through March 23, 2014. On March 24, 2014, Dak was released from segregation and placed in the general population.

Dak claimed that the limitations and restraints placed upon his use of the law library, and the lack of assistance from prison inmate legal aides, amounted to an "extraordinary and impossible burden" preventing the timely filing of a postconviction motion and effectively denying access to the courts.

As a result of these alleged state impediments, Dak asserted that the statute of limitations should be tolled pursuant to Neb. Rev. Stat. § 29-3001(4)(c) and the 1-year statute of limitations

should not have begun to run until March 24, 2014, the date of his release from segregation, thereby allowing his postconviction motion to have been timely filed.

ORDER OF DISTRICT COURT

On May 1 and May 19, 2015, a telephonic hearing was held before the district court. The court received Dak's affidavit with attached exhibits into evidence. On July 15, the court entered an order denying the motion to file for postconviction relief out of time and dismissing the motion for postconviction relief and writ of error coram nobis. The denial of the writ of error coram nobis is not assigned as error on appeal. Therefore, this court will not address it further.

In support of its order, the court held that Dak "has failed to allege any facts and has failed to introduce any evidence that suggest the State created an impediment, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, which prevented (Dak) from filing a verified motion in a timely manner." The court noted that while residing in the general population, Dak had full access to legal resources to aid in preparing a motion for postconviction relief. Dak alleged no denial of access to the courts or legal counsel by the State during this time, nor offered any evidence to support such a conclusion. The court determined that even while Dak was in segregation, he still could access the courts and legal counsel, albeit in a restricted capacity. The court found no evidence that Dak's placement in segregation prevented him from accessing the courts or timely filing a motion for postconviction relief. Further, the court found that the department regulations and record of inmate movement attached as exhibits in support of Dak's motion did not suggest or allege any state action that could be identified as inhibiting his ability to timely file a postconviction motion.

Dak subsequently perfected this appeal.

## ASSIGNMENTS OF ERROR

Dak assigns, restated, that the district court erred in dismissing his motion for postconviction relief as untimely filed and failing to review this motion on its merits.

## STANDARD OF REVIEW

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach its conclusion independent of the trial court. *Id.*

## ANALYSIS

Dak concedes that his motion for postconviction relief is subject to the statute of limitations set forth in Neb. Rev. Stat. § 29-3001(4). Section 29-3001(4) provides, in relevant detail, the following:

> (4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> . . . .

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action[.]

There is no dispute that Dak's judgment of conviction became final on March 26, 2013, upon issuance of the mandate on direct appeal. He contends, however, that the conditions of segregation, including limited access to the law library and legal assistance, amounted to "an impediment created by state action" which prevented him from filing a verified motion within the meaning of § 29-3001(4)(c), such that the 1-year statute of limitations did not begin to run until he was returned to the general population on March 24, 2014.

In *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015), an inmate alleged the fact he was in federal custody and lacked access to a Nebraska law library was an impediment under § 29-3001(4)(c) which prevented him from timely filing a postconviction motion. The Nebraska Supreme Court rejected his argument, finding in part, that since the inmate was in the custody of Nebraska for at least the last 3 months of the 1-year period of limitation, the running of the period of limitation was not tolled for the time he was in federal prison.

In *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016), an inmate argued that a prison lockdown which completely suspended access to the law library for a period of approximately 5 weeks during the 1-year statute of limitations was an impediment under § 29-3001(4)(c) preventing him from timely filing a postconviction motion. The Supreme Court rejected this argument, and concluded that the impediment exception of § 29-3001(4)(c) did not apply. The court recognized that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *State v. Shannon*, 293 Neb. at 306 (quoting *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)). This right requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. To prove a violation of the right to access the court, an inmate must show the alleged shortcomings in the prison library have hindered, or are currently hindering, his or her efforts to pursue a nonfrivolous legal claim. *Id*.

The Court in *State v. Shannon* noted that the plain language of § 29-3001(4)(c) requires both the existence of an impediment created by state action and a showing that the impediment prevented the inmate from filing the verified motion. The Court concluded that it did not need to decide whether Shannon's right of access to the courts was violated by the prison lockdown because it was clear from the record that the second requirement had not been met. In this case, the mandate was issued on September 20, 2011 and the 5-week lockdown did not begin until August 2, 2012. Shannon conceded that he once again had access to the law library by September 9. The Court concluded that any impediment created by the lockdown did not, as a matter of law, prevent Shannon from filing his postconviction action.

Applying the foregoing principles, we conclude that any impediment created by Dak's limited access to the law library or legal assistance occurring during his period in segregation did not prevent him from timely filing his postconviction action.

As noted above, the mandate was issued on March 26, 2013. There is no allegation that Dak lacked adequate access to the law library or legal assistance prior to being moved from the general population into segregation on October 28, 2013. On these facts, Dak had a total of 218 days with the full complement of legal resources provided pursuant to department regulations available at his disposal. Further, Dak's access to legal resources was not completely denied during his period of segregation; he still had access to the law library during this timeframe, albeit limited.

We agree with the district court that the impediment exception of § 29-3001(4)(c) does not apply. Dak's postconviction action was filed outside the 1-year statute of limitations, and we affirm its dismissal as untimely.

Because the filing of Dak's motion for postconviction relief was untimely, it is not necessary for this court to address his postconviction claims contained therein. *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it).

Dak's assignments of error are without merit.

CONCLUSION

Upon our review, we find that Dak failed to demonstrate an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska, which prevented him from filing a verified motion for postconviction relief within the 1-year statute of limitations. Therefore, we affirm.

AFFIRMED.