IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ENGSTROM

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL D. ENGSTROM, APPELLANT.

Filed February 14, 2017.    Nos. A-15-1180, A-15-1221.

Appeal in No. A-15-1180 from the District Court for Johnson County: DANIEL E. BRYAN, JR., Judge. Affirmed. Appeal in No. A-15-1221 from the District Court for Pawnee County: DANIEL E. BRYAN, JR., Judge. Affirmed.

Michael D. Engstrom, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

BISHOP, Judge.

## INTRODUCTION

Michael D. Engstrom filed motions for postconviction relief which were denied without evidentiary hearings on the basis that they were not timely filed. Engstrom argues on appeal that the time limitations should have been tolled because of his mental disability and medications, and due to limitations created by the prison riot in the Tecumseh State Correctional Institution (Tecumseh) in 2015. We affirm.

## BACKGROUND

In two separate but related cases (one filed in the district court for Johnson County and one filed in the district court for Pawnee County), Engstrom pled no contest to multiple felonies.

Engstrom filed timely direct appeals after his convictions and sentencings. The mandate from his appeal in the case out of the district court for Johnson County was issued on October 1, 2014; the mandate from his appeal in the case out of the district court for Pawnee County was issued on October 21. Engstrom filed a motion for postconviction relief in the district court for Johnson County on November 23, 2015, and in the district court for Pawnee County on November 24.

In both of his motions, Engstrom requested that his filing be accepted "outside the standard time limit based on the mental disability and heavy medication that [Engstrom] has been on, since his arrest." The body of Engstrom's motions contain the same two main arguments: (1) "[Engstrom's] Fourteenth Amendment of due process was violated by the Court when it allowed him to take a plea, and then sentenced him while he was mentally incompetent and heavily drugged," and (2) "[Engstrom's] Sixth Amendment was violated by his Counsel not pursuing his Fourteenth Amendment violation of Mental incompetence, both during his trial and on Appeal."

Engstrom's motions described the drugs used to treat his brain injury suffered in March 2011, and suggests that "[a]t the time of the robbery of Casey's in Pawnee County, and the police chase that ended in Johnson County," in 2013, Engstrom "was going on two weeks of not sleeping, from being self[-]medicated on illegal . . . marijuana and methamphetamines." He claims that this factor along with his severe brain injury resulted in him not understanding or controlling his actions at that time. He also claims that through his pleas, he was heavily medicated, leaving him with problems of memory retention, lack of understanding and comprehension, and certain motor functions, including speech. Engstrom claimed that his brain injury and medication rendered him legally incompetent during his pleas and sentencings. He also asserted that the presiding judge at trial had an obligation to order a mental evaluation because the judge was aware of Engstrom's difficulties. He alleged that his trial and direct appeal counsel knew of his mental difficulties but did not pursue an evaluation. He also contended that his trial counsel and the court deprived him of due process by not granting a hearing on mental competence. In addition, Engstrom argued that he was deprived of his right to an insanity plea. Engstrom asked the court to reverse his pleas and allow further discovery on the issue of mental incompetence, arguing that "[a]t the very least," his sentences should reflect "the minimum" because he cannot be held fully responsible for his actions. He also asked the district court to accept his pleas for postconviction relief outside the 1-year limitation period because of his mental issues.

The district court judge presiding over both matters found Engstrom's postconviction claims were procedurally barred, concluding that Engstrom's direct appeals became final on October 3, 2014, [sic] (for Johnson County) and on October 21 (for Pawnee County). The court further found that no exceptions to the 1-year limitation period applied and denied Engstrom's motions. Engstrom timely appealed; the two cases were consolidated for briefing and disposition.

## ASSIGNMENT OF ERROR

Restated, Engstrom assigns error to the district court for finding that his motions for postconviction relief were procedurally barred.

## STANDARD OF REVIEW

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach its conclusion independent of the trial court. *Id.*

## ANALYSIS

Neb. Rev. Stat. § 29-3001 (Reissue 2016) governs claims for postconviction relief in Nebraska. It provides that a prisoner in custody may file a verified motion, alleging that a conviction is void or voidable under the Nebraska or United States Constitutions. See § 29-3001(1). The motion must be filed in the court which imposed the sentence, *id.*, and a 1-year period of limitation applies. § 29-3001(4). The 1-year limitation period shall run from the later of:

> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;
>
> (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;
>
> (d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or
>
> (e) August 27, 2011.

§ 29-3001(4).

On appeal, Engstrom does not dispute that he filed his motions outside the 1-year limitation period provided by § 29-3001(4)(a). He argues instead that the district court should have accepted his motions because of his permanent brain injury and related medications, along with delays caused by the May 10, 2015, Tecumseh prison riot and subsequent lockdown. As to the latter argument, Engstrom suggests the delays caused by the prison riot fall under § 29-3001(4)(c) (impediment created by state action), and that there were 82 days during which Engstrom "could do nothing on effecting the completion of his postconviction." Brief for appellant at 10.

The State argues that nothing excuses Engstrom's failure to file his motions within the applicable 1-year periods and that the only argument preserved for appeal is whether his motions should be accepted out of time because of his mental condition and medications. The State also contends that Engstrom's mental condition and medications do not excuse his late filing because Engstrom has not been pursuing his rights diligently, and there is no extraordinary circumstance that prevented the timely filing of his motions for postconviction relief.

We agree with the State that Engstrom makes several arguments on appeal that he did not present to the district court in his underlying motions. Engstrom did not allege in his motions that he was unable to complete legal work without assistance, that there were improper limits on his

access to legal aids, that the prison lockdown impeded his ability to file timely motions, or that his constitutional right to access the courts was violated. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). Accordingly, these arguments are not preserved for appellate review and will not be addressed.

The only argument that Engstrom properly preserved for appeal was that his untimely filing should be excused due to his mental disability and medications. There is no provision in § 29-3001(4) which allows for an untimely filing under such circumstances. The State suggests Engstrom's argument is a request for the application of equitable tolling. While the Nebraska Supreme Court has not decided whether equitable tolling applies to § 29-3001, the court did discuss the issue in *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

In *Huggins, supra*, the prisoner argued that the 1-year period for postconviction relief under § 29-3001 should have been tolled for the period of time he was in federal custody. In considering the prisoner's argument for equitable tolling, our Supreme Court stated it had not yet addressed whether equitable tolling applies to postconviction actions and under what circumstances it may apply, but noted that the U.S. Supreme Court has considered equitable tolling in habeas actions when the prisoner shows that he "has been pursuing his rights diligently" and "some extraordinary circumstance stood in the way and prevented timely filing of a petition." *Id.* at 452, 866 N.W.2d at 86 (citing to *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)).

The Nebraska Supreme Court stated that "a prisoner is not deprived of the opportunity to bring a postconviction action if there is some time within the period of the 1-year limitation that the prisoner could have filed a postconviction action." *Huggins,* 291 Neb. at 453, 866 N.W.2d at 87. In that case, the prisoner's time in federal custody did not deprive him of the opportunity to file during the entire 1-year limitation period. The Supreme Court held, "Under the facts of this case, we conclude that, whether or not equitable tolling may be used to toll the 1-year limitation period under § 29-3001(4) under proper circumstances, the circumstances of this case would not support equitable tolling for the time [the prisoner] was in federal custody." *Id.* at 453-54, 866 N.W.2d at 87.

Engstrom's argument about his brain injury and medications is largely focused on what happened at the time he entered his no contest pleas rather than focused on what specifically prevented him from timely filing his postconviction motions over the course of the year following the issuance of mandates in both of his direct appeals. Engstrom claims that both the judge and his counsel "allowed a mentally incompetent person, that was not evalluate [sic] and heavily medicated and drugged, to take an illegal plea and sentence" in violation of his constitutional rights. Brief for appellant at 8. He claims that he has suffered the same disadvantages from his injury and medications from his trial to the present. He blames his March 2011 brain injury and his medications for his untimeliness in filing his motions without explaining how these circumstances prevented him from filing sooner. Engstrom was capable of filing, and did in fact file his postconviction motions despite his claimed mental disability and medications.

Although the Nebraska Supreme Court did not foreclose the possibility that equitable tolling may apply to the limitation period under § 29-3001(4), we need not decide the issue here

since Engstrom was not prevented from filing his motion on a timely basis. Like the Supreme Court in *Huggins*, we conclude that whether or not equitable tolling may be used to toll the 1-year limitation period under § 29-3001(4) under proper circumstances, the circumstances of this case would not support equitable tolling on the bases alleged by Engstrom. The fact that Engstrom alleges a mental disadvantage from an injury he claims occurred in March 2011, years before his convictions and sentencings, does not explain why those circumstances prevented him from filing his postconviction motions by October 1 and 21, 2015. There is nothing to indicate that Engstrom attempted to file before the statutory deadlines or otherwise diligently pursued his rights during those 1-year periods. Further, there was no extraordinary circumstance which prevented a timely filing. Accordingly, we decline to consider equitable tolling of a statute of limitations under such broad assertions as Engstrom makes here.

## CONCLUSION

We affirm the district court's denial of Engstrom's motions for postconviction relief on the basis that they were untimely filed.

AFFIRMED.